IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:13-CR-61(1) |
| | § | |
| RAYMOND RUSS, JR. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Pending is the Defendant's "Motion to Suppress Evidence" (Doc. No. 32)[1], seeking suppression of all evidence seized during the investigation and arrest of the Defendant, Raymond Russ, Jr. (Russ). Russ seeks relief pursuant to the First and Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. The Government filed a response in opposition to the motion (Doc. No. 42), and the undersigned magistrate judge convened a hearing on March 5, 2014. For the reasons discussed below, the undersigned finds the investigation, search, and arrest of Russ lawful.

### I. DISCUSSION

**A.** **Facts**

On May 1, 2013, Detective Jeffrey Curl with the Beaumont Police Department (BPD) began investigating Russ after he posted an ad on Craigslist seeking sexual contact with a young person in the Beaumont, Texas area. (Ex. 2, p. 1.) Acting in an undercover capacity, Det. Curl posed as a thirteen year old female named "Ashley" and answered the ad. (Id. at 3.) Over the course of a few

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. United States v. Raddatz, 447 U.S. 667, 681-84 (1980); see also 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judge.

weeks, Det. Curl and Russ exchanged emails and pictures wherein Russ attempted to persuade "Ashley" to perform sexual acts with him. (Ex. 1; Ex. 2, p. 4-5.) Finally, Russ asked "Ashley" to meet him, and on May 20, 2013, Russ drove then to an apartment complex where he believed she lived, then to a nearby Post Office to wait for her. (Ex. 2, p. 5.) He then returned to the apartments to pick her up, but was instead arrested by the BPD. (Id. at 6.) Russ is charged with coercion and enticement involving the sexual exploitation of a minor, in violation of 18 U.S.C. § 2422(b). (Doc. No. 2.)

B.    **Motion to Suppress**

Although not entirely clear, Russ appears to make two separate and distinct legal arguments in his motion to suppress. The first argument is that the monitoring and interception of his electronic communications violated his free speech rights under the First Amendment[2] because a large portion of the intercepted communications between himself and "Ashley" were non-obscene, non-solicitive, non-child pornographic and non-harmful to minors or others. (Doc. No. 32, p. 1.) As authority, Russ cites Ex Parte John Christopher Lo, No. PD-1560-12, 2013 WL 5807802 (Tex. Crim. App. Oct. 30, 2013) where the Texas Court of Criminal Appeals held that Section 33.021(b) of the Texas Penal Code is overly broad because it prohibits a wide array of constitutionally protected speech, and it is

---

[2] Russ appears to challenge the constitutionality of 18 U.S.C. § 2422(b). A motion to suppress does not appear to be the appropriate vehicle to make such a challenge. Even if Russ's rights under the First Amendment were violated, the exclusionary rule only applies to Fourth Amendment violations. United States v. Sanders, 592 F.2d 788, 803 n.7 (5th Cir. 1979) ("Many courts, including a panel of this Circuit, have held that '(w)hen materials are seized in violation of the First Amendment, the appropriate remedy is the return of the seized property, but not its suppression as evidence at trial.'") (quoting United States v. Bush, 582 F.2d 1016, 1021 (5th Cir. 1978)). However, the undersigned will construe Russ's First Amendment challenge as a motion to dismiss. See e.g. United States v. Dhingra, 371 F.3d 557, 560 (9th Cir. 2004) (Defendant filed a motion to dismiss the indictment alleging that § 2422(b) was facially unconstitutional.); United States v. Ollison, 555 F.3d 152, 160 (5th Cir. 2009) ( The district court denied the defendant's motion to dismiss the indictment, in which she argued that the statute she was charged with was unconstitutional as applied to her.).

not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse. Secondly, Russ broadly states that the search and arrest were illegal and in violation of the Fourth Amendment and Article 1, Section 9 of the Texas Constitution.[3] (Id.)

In response, the Government argues that the statute that Russ is charged with here, 18 U.S.C. § 2422(b), is distinguishable from the statute at issue in Lo. (Doc. No. 42, p. 3-4.) Specifically, section 2422(b) punishes conduct as opposed to just speech, and punishing such conduct has been held constitutional. (Id.) The Government also argued that Russ's arrest was valid and there is no evidence of a Fourth Amendment violation.

   **1.**  **First Amendment Challenge**

In Lo, the defendant was charged with a violation of TEX. PENAL CODE § 33.021(b)(1), which in part prohibits a person over the age of seventeen from communicating over the internet or by email or text message in a sexually explicit manner with a minor with the intent to arouse or gratify the sexual desire of any person. Lo, 2013 WL 5807802, at *7 n.23. Lo argued that the statute was facially unconstitutional because: it is overly broad by criminalizing speech protected by the First Amendment[4]; the term "sexually explicit" is so vague that it chills the exercise of free speech; and it violates the Dormant Commerce Clause. Id. at *1. The Texas Court of Criminal Appeals held that

---

[3] Russ failed to show how Article 1, Section 9 of the Texas Constitution applies in a federal case; therefore, analysis of that provision is unnecessary.

[4] The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech." U.S. Const., Amdt. 1. "[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 573 (2002).

when the government seeks to restrict and punish speech *based on its content*[5], the regulation is presumptively invalid, and the government bears the burden to rebut that presumption. Id. (citing Ashcroft v. ACLU, 542 U.S. 656, 660 (2004)). In addition, "a law that regulates speech must be (1) necessary to serve a (2) compelling state interest and (3) narrowly drawn." Id. (citing Sable Comm. of Calif., Inc. v. FCC, 492 U.S. 115, 126 (1989)). Using these legal principles, the Texas Court of Criminal Appeals held that Section 33.021(b) was overly broad because it prohibits a wide array of constitutionally protected speech, and it is not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse. Id. Because the Texas Court of Criminal Appeals reversed on that ground, it did not address the remaining vagueness or Dormant Clause arguments. Id.

> Here, Russ is charged with a violation of 18 U.S.C. § 2422(b), which states:
>
> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

This statute is the federal equivalent to TEX. PEN. CODE § 33.021(c).[6] Lo only held section (b) of TEX. PEN. CODE § 33.021, which deals strictly with communications, unconstitutional. Lo, 2013 WL

---

[5] Content-based regulations are those laws that distinguish favored from disfavored speech based on the ideas expressed. Lo, 2013 WL 5807802, at *1 (citing Turner Broadcasting Sys., Inc. v. FCC, 512 U.S. 622 (1994)). "For example, if a statute makes it a crime for an adult to communicate with a minor via the internet, that is content-neutral law. But if the statute prohibits an adult from communicating with a minor in a sexually explicit manner, that is a content-based law because one has to look at the content of the communication to decide if the speaker violated the law." Id., at *7 n.12.

[6] Section 33.021(c) of the Texas Penal Code prohibits a person from knowingly soliciting a minor to meet another person, including themselves, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service.

5807802, at *1. Moreover, the Court in Lo specifically discussed subsection (c), which concerns "conduct," and stated that "[s]uch solicitation statutes exist in virtually all states and have been routinely upheld as constitutional because 'offers to engage in illegal transactions [such as sexual assault of a minor] are categorically excluded from First Amendment protection.'" Id., at *2 (citing United States v. Williams, 553 U.S. 285, 297 (2008)).

The Tenth, Eleventh, Ninth, Sixth, Third, and Second Circuits have similarly held that the statute at hand, 18 U.S.C. § 2422(b), which criminalizes the online solicitation of individuals under eighteen years of age for sexual activity, is constitutional and not in violation of the First Amendment. United States v. Thomas, 410 F.3d 1235, 1243–44 (10th Cir. 2005) ("We agree with the reasoning of the circuits that have already considered and upheld the constitutionality of [section 2422(b)] in question."); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime."); United States v. Dhingra, 371 F.3d 557, 559 (9th Cir. 2004) (federal statute prohibiting online solicitation of a minor is not facially overbroad or vague; statute regulates conduct, not speech —"'no otherwise legitimate speech is jeopardized by [the federal statute] because the statute only criminalizes conduct, i.e., the targeted inducement of minors for illegal sexual activity'— and that 'speech is merely the vehicle through which a pedophile ensnares the victim.'"); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (statute proscribing knowing efforts to persuade minors to engage in illegal sexual activity did not violate First Amendment); United States v. Tykarsky, 446 F.3d 458, 472-473 (3d Cir. 2006) ("Section 2422(b) is not overbroad. There is no First Amendment right to persuade minors to engage in illegal sex acts. . . . we also conclude that § 2422(b) is not unconstitutionally vague."); United States v.

Gagliardi, 506 F.3d 140, 148 (2d Cir. 2007) (holding section 2422(b) not unconstitutionally vague or overly broad because "the statute punishes the act of enticing or attempting to entice a minor when it is knowingly done; it does not implicate speech. . . . '[s]peech is not protected by the First Amendment when it is the very vehicle of the crime itself.'"). Although not directly on point, the Fifth Circuit adopted the Third Circuit's holding that "[t]he First Amendment is not a defense to the charge of attempting to entice a child to engage in illegal sexual activity under 18 U.S.C. § 2422 because '[t]here is no First Amendment right to persuade minors to engage in illegal sex acts.'" United States v. Wolford, 386 F. App'x 479, 482-483 (5th Cir. 2010) (The district court did not commit error by refusing to instruct the jury that if the defendant believed he was communicating over the internet with an adult, his speech was protected by the First Amendment.) (citing United States v. Tykarsky, 446 F.3d 458, 473 (3d Cir. 2006)). As such, the undersigned agrees with the above courts that 18 U.S.C. § 2422(b) does not violate the First Amendment of the Constitution.

To the extent Russ argues that the statute violates his First Amendment rights "as applied,"[7] his argument on that ground also fails. The courts have held consistently that "offers to engage in illegal transactions such as sexual assault of a minor are categorically excluded from First Amendment protection." Lo, 2013 WL 5807802, at *2 (citing United States v. Williams, 553 U.S. 285, 297 (2008)). Moreover, section 2422(b) regulates only conduct, not speech. Tykarsky, 446

---

[7] "When a litigant claims that a statute is unconstitutional as applied to him, and the statute is in fact unconstitutional as applied, we normally invalidate the statute only as applied to the litigant in question. We do not strike down the statute on its face. . . . Absent an exception such as First Amendment overbreadth, we will facially invalidate a statute only if the plaintiff establishes that the statute is invalid in all of its applications." United States v. Booker, 543 U.S. 220, 314 (2005) (internal citations omitted). The First Amendment overbreadth doctrine, as argued supra in the Lo case, allows "a person [to] challenge a statute that infringes protected speech even if the statute constitutionally might be applied to him." Ohralik v. Ohio State Bar Assn., 436 U.S. 447, 462, n. 20 (1978). It "prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Ashcroft v. Free Speech Coalition, 535 U.S. 234, 255 (2002).

F.3d at 473. As the Court of Appeals for the Ninth Circuit observed in United States v. Meek: "[n]o otherwise legitimate speech [is] jeopardized by § 2422(b) because the statute only criminalizes conduct, *i.e.*, the targeted inducement of minors for illegal sexual activity.... [S]peech is merely the vehicle through which a pedophile ensnares the victim." 366 F.3d at 721. Moreover, "the scienter and intent requirements of the statute sufficiently limit criminal culpability to reach only conduct outside the protection of the First Amendment." United States v. Dhingra, 371 F.3d 557, 561–562 (9th Cir. 2004) (observing that a family planning provider could not be prosecuted under § 2422(b) unless it knew that it was persuading minors to engage in illicit sexual conduct). Because section 2422(b) does not prohibit *any* protected speech, it is also constitutional as applied. Therefore, to the extent Russ is arguing that his case should be dismissed based upon the statute's constitutionality, his request should be denied.

    2.    **Fourth Amendment Challenge**

Russ was initially arrested and detained at the apartment complex where he was attempting to meet "Ashley." (Ex. 2, p. 6.) While there, he was read his *Miranda* rights and consented to being questioned by the officers. (Id.) He also consented to the search of his cell phone. (Id. at 7.) After he was taken to the police station, he again consented to being questioned, and also gave officers his email password. (Id. at 8.) While in custody at the jail, Russ also gave consent to search his vehicle and the vehicle's contents, his cell phone, a thumb drive, and his email account. (Id. at 9-10.) Officers also sent a summons to Craigslist for the ads Russ posted and obtained a warrant for his yahoo email account. (Id. at 11.) Later, Russ was arrested with a warrant for the current federal charge alleged based upon a federal indictment by a grand jury. (Doc. No. 10.)

Controlling Law and Discussion

Without any detail, Russ argues in his motion to suppress that the search was "unreasonable and illegal in violation of ... the Fourth Amendment," and his "arrest was illegal." At the very least, the burden of persuasion rests upon the movant in a suppression hearing, so Russ's boilerplate argument in his motion and his failure to present any other evidence at the hearing is insufficient to meet such burden. See United States v. de la Fuente, 548 F.2d 528, 533 (5th Cir. 1977) ("It is well established that the burdens of production and persuasion generally rest upon the movant in a suppression hearing."). However, because the ultimate burden of persuasion shifts to the government when a defendant is arrested or searched without a warrant or a confession is obtained while under interrogation, the undersigned will consider Russ's boilerplate argument out of an abundance of caution. See Manuel v. United States, 355 F.2d 344 (5th Cir. 1966); see also de la Fuente, 548 F.2d at 533 (5th Cir. 1977). Russ, however, has the burden of persuasion with regard to the validity of the warrants for the searches conducted in accordance with a warrant. United States v. Marx, 635 F.2d 436 (5th Cir.1981).

The "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST., Amdt. 4. As stated, the Fourth Amendment requires probable cause to believe that the individual has committed a crime before an arrest and search takes place. Henry v. United States, 361 U.S. 98 (1959). "Probable cause to arrest exists when the facts and circumstances known at the time are sufficient to cause a reasonable law enforcement officer to believe that a crime has been or is being committed." United States v.

Martinez, 808 F.2d 1050, 1055 (5th Cir.1987).

Based upon the investigative report introduced as Government's Exhibit 2 and the email communications between Russ and "Ashley" introduced as Government's Exhibit 1, there was probable cause that Russ committed the crime of online solicitation of a minor. Russ knew that "Ashley" was only thirteen years old, asked her about engaging in sexual acts, arranged to meet up with her, then drove to the agreed upon location. (Ex. 1, 2.) In addition, his appearance matched the photograph he previously emailed to "Ashley." (Ex. 2, p. 6.)

Russ was later arrested on a warrant issued based upon the instant indictment. No specific challenge was raised concerning the validity of the warrant or indictment. Thus, there is no basis upon which the undersigned can evaluate that arrest. Facially, both appear legal and valid, and Russ has failed to meet his burden of proof on this issue. See United States v. Harrill, No. 91-7352, 1992 WL 352610, at *1 (5th Cir. 1992) ("There is a presumption that an affidavit supporting a search warrant is valid. The defendant bears the burden of proving deliberate falsehood or reckless disregard for the truth.") (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)).

With regard to the statements made by Russ to the undercover agent posing as "Ashley," the evidence submitted by the Government shows they were made voluntarily. Even though some of the statements were made to an undercover agent, that does not violate Russ's constitutional rights. See Hoffa v. United States, 385 U.S. 293, 302 (1966) (court upheld as reasonable under the Fourth Amendment evidence obtained by an undercover agent to whom a defendant spoke without knowledge of his employ with the police). In addition, the statements Russ made after his arrest were made voluntarily after proper *Miranda* warnings. See United States v. Patane, 542 U.S. 630 (2004) (held that potential *Miranda* violations occur, if at all, only upon the admission of coerced

9

or involuntary, unwarned statements into evidence). As to the search of his cell phone, vehicle, thumb drive and one email account, Russ consented to those searches. See Fernandez v. California, 134 S.Ct. 1126, 1132 (2014) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 228 (1973) ("Consent searches are part of the standard investigatory techniques of law enforcement agencies and are a constitutionally permissible and wholly legitimate aspect of effective police activity.").

Lastly, any challenge to the summons or warrant obtained for Craigslist and a separate yahoo email account are not properly before the court. The probable cause affidavits submitted in support of the warrants were not challenged by Russ, nor were they introduced into evidence at the suppression hearing. Russ has failed to meet his burden on these items, and they are presumed valid. See supra.

## II. RECOMMENDATION

The district court should find that the arrest, searches and detention of Russ did not violate the First or Fourth Amendment of the United States Constitution. Accordingly, the Defendant's Motion to Suppress should be denied for the reasons explained above.

## III. OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b), and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge of proposed findings and recommendations, see Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, see Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional

safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  See Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983); United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

SIGNED this 2nd day of April, 2014.

_____
Zack Hawthorn
United States Magistrate Judge